ACCEPTED
12-15-00131-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/31/2015 11:36:16 PM
CATHY LUSK
CLERK

Cause No. 12-15-00131-CR

In the Court of Appeals for the
Twelfth Judicial District at Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/31/2015 11:36:16 PM
CATHY S. LUSK
Clerk

Eric Clark Allen,
Appellant

v.

State of Texas,
Appellee

On Appeal from Cause No. 2014-0063 in the 159th
Judicial District Court of Angelina County, Texas

**State's Brief**

April Ayers-Perez
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
aperez@angelinacounty.net

**Oral Argument Not Requested**

## Identity of Parties and Counsel

Eric Clark Allen, Appellant
TDCJ Number: 1998968
Byrd Unit
21 FM 247
Huntsville, Texas 77320

Jerry N. Whiteker
Attorney for Appellant (trial and appeal)
P.O. Box 1443
Lufkin, Texas 75902
SBN: 21361500

Art Bauereiss
District Attorney
Attorney for the State (trial)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902
SBN: 01921800

April Ayers-Perez
Assistant District Attorney
Attorney for the State (appeal)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902
SBN: 24090975

# Table of Contents

Identity of Parties and Counsel ................................................................. ii

Table of Contents .....................................................................................iii

Index of Authorities ................................................................................. iv

Statement Regarding Oral Argument........................................................... v

Issue Presented........................................................................................ v

Statement of Facts....................................................................................1

Summary of the Argument .........................................................................4

Argument .................................................................................................4

**Reply Issue #1:**  The evidence is sufficient to sustain the trial court's denial of the Appellant's Motion to Suppress, because law enforcement was granted consent to search the Appellant's cell phone. ...............................................................................4

Applicable law..............................................................5

Standard of review........................................................6

The Totality of the Circumstances Favor Voluntary Consent ....................................................................7

Prayer ...................................................................................................10

Certificate of Compliance.........................................................................11

Certificate of Service...............................................................................11

# Index of Authorities

**Cases**                                                                    Page

*Boyle v. State*, 820 S.W.3d 549 (Tex.Crim.App. 1989) .............................. 6

*Harrison v. State*, 205 S.W.3d 549 (Tex.Crim.App. 2006) .......................... 6

*Juarez v. State*, 758 S.W.2d 772 (Tex.Crim.App. 1998) ............................. 6

*Maryland v. Macon*, 472 U.S. 463 (1985) ................................................. 6

*Meekins v. State*, 340 S.W.3d 454 (Tex.Crim.App. 2011) .......................... 6

*State v. Kelly*, 204 S.W.3d 808 (Tex.Crim.App. 2006) ........................... 5, 6

*United States v. Pena*, 143 F.3d 1363 (10th Cir. 1998) ............................. 7

**Rules**

Tex. R. App. P. 9.4(i)(1) ............................................................... 11

Tex. R. App. P. 39.1 ........................................................................ vi

**Statutes**

U.S. CONST., AMEND. IV ................................................................. 5

Tex. Const. Art. I, Sec. 9 ................................................................ 5

Tex. Pen. Code Ann. § 43.26 (West 2011) ................................................ 5

## Statement Regarding Oral Argument

Pursuant to Tex. R. App. P. 39.1, the State feels oral argument is unnecessary, as the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

## Issue Presented

**Reply Issue #1:** The evidence is sufficient to sustain the trial court's denial of the Appellant's Motion to Suppress, because law enforcement was granted consent to search the Appellant's cell phone.

**Statement of Facts**

On December 3, 2013 Officer Mike Jenkins with the Huntington Independent School District was working security at the Huntington High School basketball game in Angelina County, Texas.[1] The appellant, Eric Clark Allen, was at the gymnasium where the game was being held seated in the student section.[2] Officer Jenkins recognized the appellant because the night prior to this game, on December 2, 2013, a security officer and coach from the middle school basketball game had given the appellant a criminal trespass and instructed him not to come back on school property.[3] The appellant had been accused of taking inappropriate pictures of the cheerleaders and students during the middle school basketball game on December 2, 2013.[4] During the basketball game Officer Jenkins noticed the appellant had his cell phone out and was behaving oddly and inconsistently with the other attendees.[5] After the game, and the majority of the crowd left the gymnasium, the appellant proceeded to go to the area of the gymnasium where the cheerleaders and other students were

_____

[1] II R.R. 11-13.
[2] *Id.* at 13-14.
[3] *Id.* at 13-14, 26.
[4] *Id.* at 13-14.
[5] *Id.* at 15-16.

gathered.[6]  Officer Jenkins then approached the appellant and asked to speak to him outside.[7]  Officer Jenkins and the appellant sat in the driver's seat and passenger seat of the patrol car to talk because of the number of people who were coming and going from the game.[8]  At no time was the appellant ever placed under arrest nor was anything done to keep Allen from ending the encounter.[9]  Officer Jenkins explained to the appellant that he wanted to see his phone to see if he took any inappropriate pictures of students, at which point the appellant gave Officer Jenkins consent to look through his phone.[10]  Further, Officer Jenkins explained to the appellant that he had a right to revoke his consent to search the phone at any time, which the appellant did not ever revoke.[11]  While looking through the appellant's phone Officer Jenkins came across images that were obvious to him to be child pornography, and at that point discontinued his search of the phone and obtained a search warrant for the phone.[12]  Officer Jenkins then explained to the appellant that he saw something inappropriate and potentially criminal in nature on the phone and would be seizing his phone,

---

[6] *Id.* at 16.
[7] *Id.*
[8] *Id.* at 17, 32-33 ("A.   I took him out of respect for him because I was going to ask him some stuff that I felt would be sensitive to him."
[9] *Id.*
[10] *Id.* at 17-18.
[11] *Id.* at 38-39.
[12] *Id.* at 18.

due to fear of the phone being destroyed and of the appellant getting rid of the evidence[13], and placing it in to evidence.[14] Officer Jenkins did not look through the remainder of the phone until getting a search warrant, at which point he took the phone to the Lufkin Police Department to be analyzed.[15]

After the Lufkin Police Department searched the appellant's phone and determined there was child pornography on it, Officer Mike Jones with the Huntington Independent School District Police Department spoke to the appellant and asked for consent to search his residence for any other child pornography images.[16] Officer Jones recorded the conversation between himself and the appellant[17] in which the appellant spoke to Officer Jones freely and voluntarily, was not promised anything, and consented to a search of his residence.[18] However, upon arriving at the appellant's residence, the appellant's father denied consent to Officer Jones and Officer Jenkins, at which point they left the residence and obtained a warrant.[19] That same day, Investigator Jamie Jenkins with the Lufkin Police Department, interviewed the appellant at the Angelina County

---

[13] *Id.* at 20-21.
[14] *Id.*
[15] *Id.* at 21-22.
[16] *Id.* at 42, 48-49.
[17] State's Exhibit No. 2.
[18] II R.R. at 50-51.
[19] *Id.* at 54-55.

Sheriff's Department after the appellant had been arrested.[20] After reading the appellant's Miranda rights to him, and having the appellant not only verbally indicate that he understood each right, but also initial each line, the appellant waived all his rights and freely and voluntarily spoke to law enforcement.[21]

## Summary of the Argument

Upon being asked by a law enforcement officer to look through his cell phone, the appellant voluntarily gave his cell phone to the law enforcement officer to look through. The totality of the circumstances show that the appellant was aware that he was voluntarily consenting to the search. In the light most favorable to the trial court's ruling, the appellant voluntarily consented to the search of his cell phone.

## Argument

**Reply Issue #1:** The evidence is sufficient to sustain the trial court's denial of the Appellant's Motion to Suppress, because law enforcement was granted consent to search the Appellant's cell phone.

---

[20] *Id.* at 56-57.
[21] *Id. See* State's Exhibit No. 4.

*Applicable law*

A person commits the offense of Possession or Promotion of Child Pornography if, the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child who was made who is engaging in sexual conduct; and the person knows that the material depicts the child as described.[22]

The Fourth Amendment of the United States Constitution is as follows:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.[23]

Likewise, the Texas Constitution reads as follows:

The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.[24]

---

[22] Tex. Pen. Code Ann. § 43.26 (West 2011)
[23] U.S. Const. amend. IV
[24] Tex. Const. art. I §9.

*Standard of review*

A trial court's ruling on a motion to suppress is reviewed in the light most favorable to the trial court's ruling.[25] If the trial court has not made explicit finds of fact the appellate court will imply facts findings that will support the trial court's ruling as long as the evidence will support those implied findings.[26] Voluntariness is such a fact intensive question that the trial court's finding will be accepted unless it is clearly erroneous.[27] Consent is an exception to the warrant requirement and is valid when it is voluntarily given.[28] The State must prove the consent was obtained voluntarily by clear and convincing evidence.[29] The courts will determine whether or not consent was voluntarily given, and not the result of duress or coercion, by a totality of the circumstances.[30] The courts will review the totality of the circumstances of any particular interaction between law enforcement and citizens from the point of view of the objectively reasonable

---

[25] *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006).
[26] *Id.* at 818-19.
[27] *Juarez v. State*, 758 S.W.2d 772, 781 (Tex.Crim.App. 1998) *overruled on other grounds by Boyle v. State*, 820 S.W.2d 122 (Tex.Crim.App. 1989).
[28] *Harrison v. State*, 205 S.W.3d 549, 552 (Tex.Crim.App. 2006).
[29] *Id.*
[30] *Id.*

person, without regard for the subjective intents or thoughts of either the citizen or law enforcement.[31]

*The Totality of the Circumstances Favor Voluntary Consent*

Some of the factors to be considered in determining the voluntariness of consent are: physical maltreatment, use of violence, threats, threats of violence, promises or inducements, deception or trickery, and the physical and mental capacity of the defendant.[32] The appellant testified, and the sole point of contention in this matter, that Officer Jenkins told him that if the appellant did not give Officer Jenkins his cell phone Officer Jenkins would take him to jail.[33] Meanwhile, Officer Jenkins unequivocally states that he did not threaten to arrest the appellant if the appellant would not give over his phone.[34] In fact, despite the consent that had been granted to Officer Jenkins by the appellant to search his phone, Officer Jenkins stopped the search in order to obtain a search warrant once he found illegal activity.[35] Officer Jenkins did not have to obtain a search warrant at

---

[31] *Meekins v. State*, 340 S.W.3d 454, 459 (Tex.Crim.App. 2011) (quoting *Maryland v. Macon*, 472 U.S. 463, 470-71 (1985)).
[32] *United States v. Pena*, 143 F.3d 1363, 1367 (10th Cir. 1998).
[33] II R.R. at 8.
[34] *Id.* at 19-20.
[35] *Id.* at 22.

that point, he had already been granted consent, however he chose to pursue a course that provided more protection for the appellant.[36]

At no point does the appellant allege any sort of physical maltreatment, use of violence, threats of violence, promises or inducements, or deception or trickery. The only circumstance which the appellant alleges is a threat of being arrested if the cell phone is not handed over, which Officer Jenkins categorically denies. The trial court, in their discretion to determine voluntariness, weighed the testimony of Officer Jenkins more favorably than the limited testimony of the appellant, by denying the appellant's motion to suppress. Furthermore, the appellant's voluntariness of consent can be determined based on the appellant's actions during the course of his time with Officer Jenkins and Officer Jones. At no point did the appellant walk away. The appellant did not refuse to hand over his cell phone. Officer Jenkins explained that he could revoke consent and Allen still handed over his cell phone. At no point was the appellant threatened, coerced, or forced into giving his cell phone. Further, the appellant developed a history of cooperating with law enforcement, as the appellant voluntarily consented to have a conversation with Officer Jones the day after the cell phone was searched, and even agreed, on

---

[36] *Id.* at 68-70.

video, to allow a search of his residence. When the appellant's father did not allow a search of the residence the law enforcement officers acquiesced to that and retrieved a warrant. At the first sign of the lack of voluntary consent of somebody in the equation law enforcement shut everything down and got a warrant.

Dr. Jean Stanley, a licensed mental health specialist, testified at the adjudication hearing as to a forensic evaluation she completed on the appellant.[37] Although Dr. Stanely states the appellant has an IQ of 75, which is below average.[38] However, the appellant's verbal IQ was an 86 which fell within the normal range.[39] Dr. Stanley further notes that the appellant is aware of his surroundings, who he is, where he is, and why he is where he is.[40] Neither Dr. Stanely nor the appellant ever denies that the appellant had the mental capacity to understand what Officer Jenkins was asking when he asked the appellant if he could look at his phone. The totality of the circumstances for voluntariness of consent weighs heavily in the State's favor. An objectively reasonable person would know that they were *voluntarily* consenting to hand over their phone, and not acting under coercion or duress.

---

[37] III R.R. at 10-12.
[38] *Id.* at 18-19.
[39] *Id.* at 18.
[40] *Id.*

This is not the case of an appellant being stumped by law enforcement. This is the case of an appellant who chose to cooperate with law enforcement every step of the way, as demonstrated on audio and video, and consent to the search of his cell phone, consent to a conversation, and consent to the search of his residence. The appellant cannot then turn around, when facing a substantial sentence, and turn back time to no longer consent. Consent is decided objectively in the moment based on voluntariness, and the appellant chose to voluntarily consent to law enforcement multiple times over the course of 48 hours.

**Prayer**

The State of Texas prays that this Court of Appeals affirm the judgment of the trial court.

Respectfully Submitted,

/s/ April Ayers-Perez
_____
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
ATTORNEY FOR THE
STATE OF TEXAS

## Certificate of Compliance

I certify that this document contains 1,969  words, counting all parts of the document except those excluded by Tex. R. App. P. 9.4(i)(1).  The body text is in 14 point font, and the footnote text is in 12 point font.

/s/ April Ayers-Perez
_____

## Certificate of Service

I certify that on August 31, 2015, a true and correct copy of the above document has been forwarded to Jerry Whiteker, P.O. Box 1443, Lufkin, TX 75902, by electronic service through efile.txcourts.gov.

/s/ April Ayers-Perez
_____